17-1660-cr
United States v. Vazquez

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand nineteen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                      No. 17-1660-cr

JUSTIN VAZQUEZ,

*Defendant-Appellant.*

------------------------------------------------------------------

FOR APPELLANT:                          Mehmet K. Okay, The Okay
                                                    Law Firm, Batavia, NY.

FOR APPELLEE:                                    Tiffany H. Lee, Assistant
United States Attorney, *for*
James P. Kennedy, Jr., United
States Attorney for the
Western District of New York,
Rochester, NY.

Appeal from a judgment of the United States District Court for the Western

District of New York (Frank P. Geraci, Jr., *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Justin Vazquez appeals from a judgment of conviction of the District Court

(Geraci, C.J.), following a jury trial at which Vazquez was found guilty of

possession of a firearm and ammunition by a convicted felon in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2).   On appeal, Vazquez's only argument is that

the District Court abused its discretion in admitting a 911 call from Dorene

Arroyo, Vazquez's mother, in which she stated that Vazquez had been holding

her hostage with a loaded gun for three days and asked for the police to come

immediately.   Relying on the hearsay exceptions for present sense impressions

and excited utterances, see Fed. R. Evid. 803(1)–(2), the District Court admitted

the 911 call as evidence of Vazquez's possession of the firearm, the only contested

2

element of the offense. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The District Court did not abuse its discretion in admitting the 911 call. See United States v. Gonzalez, 764 F.3d 159, 168 (2d Cir. 2014) (stating that evidentiary rulings are reviewed for abuse of discretion). Federal Rule of Evidence 803(1), the present sense impression exception, requires that the statement be made "while or immediately after the declarant" perceived the event or condition at issue. Vazquez argues that Arroyo's 911 call is not admissible under this exception because nothing in the record establishes how much time passed between the 911 call and the events Arroyo described. To the contrary, during the call Arroyo described her contemporaneous circumstances, including that she felt under imminent threat from Vazquez. That Vazquez was in the shower at the time of the call does not change the nature of Arroyo's statements. See Brown v. Keane, 355 F.3d 82, 89 (2d Cir. 2004) ("Statements based on present sense impressions . . . express knowledge based on direct sensory perception."); Fed. R. Evid. 803(1). The District Court did not abuse its discretion in admitting

3

much of the 911 call as a present sense impression.

The call was also fully admissible as an excited utterance pursuant to Federal Rule of Evidence 803(2), which requires the declarant to be "under the stress of excitement caused by the event or condition" when making the statement. United States v. Scarpa, 913 F.2d 993, 1017 (2d Cir. 1990). Here, Vazquez argues that "there is no basis in the record to establish that Dorene Arroyo was in a state of excitement when she made the 911 call." Appellant's Br. at 21. But the record of the 911 call clearly establishes that Arroyo was terrified: she whispered, cried, and repeatedly pleaded for the police to come "immediately." The officer who first interacted with Arroyo upon reaching her house testified that Arroyo was very emotional and upset, and that her voice was so shaky that it took some time for the officer to understand her. Based on the considerable distress and fear that Arroyo expressed during the 911 call, the District Court did not abuse its discretion in admitting the call pursuant to the excited utterance exception. See United States v. Jones, 299 F.3d 103, 113 (2d Cir. 2002).

4

We have considered all of Vazquez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court